

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 28, 2018

By CM/ECF

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    <u>United States</u> v. <u>Samuel Gentle</u>
            Docket No. 16-4020
            Scheduled Submission Date: April 26, 2018

Dear Ms. Wolfe:

       The Government respectfully submits this letter, pursuant to Federal Rule of Appellate Procedure 28(j), to alert the Court to the Supreme Court's recent decision in *Marinello v. United States*, -- S. Ct. --, 2018 WL 1402426 (2d Cir. Mar. 21, 2018), which affects this case.

       *Marinello* interprets the so-called "Omnibus Clause" of 26 U.S.C. § 7212(a), which makes it a crime to corruptly impede or obstruct "the due administration of" the Tax Code. The defendant there paid employees in cash, shredded documents, and hid evidence about earnings to avoid paying taxes, even after warnings from his lawyer and accountant. He was charged with, and convicted after a jury trial of, substantive tax violations and obstruction under the Omnibus Clause. This Court affirmed, *see United States v. Marinello*, 839 F.3d 209 (2d Cir. 2016), but the Supreme Court reversed, holding that a conviction under the Omnibus Clause requires proof that the defendant obstructed or impeded, or attempted to obstruct or impede, "a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action," that was "pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable by the defendant." 2018 WL 1402426, at *7-8.

       In light of *Marinello*, the Government agrees that Gentle's conviction on Count One cannot stand. (Gentle has not raised the argument accepted in *Marinello*, but has argued that the evidence on Count One was insufficient for other reasons.) The jury at Gentle's trial was not told it must find, and the proof did not show, that a particular administrative proceeding was pending or reasonably foreseeable to Gentle at the time he filed any of the fraudulent returns at issue. Accordingly, the Government respectfully submits that the Court should (1) affirm Gentle's convictions on the remaining 37 counts of conviction, the soundness of which Gentle has not challenged (Counts Two through Five, Seven through Eleven, Fourteen through Thirty-Two,

Thirty-Four through Thirty-Seven, Thirty-Nine through Forty-Three, and Fifty-One); (2) vacate Gentle's conviction on Count One; and (3) remand to the District Court for resentencing on the remaining counts.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney


By: /s/ Jennifer L. Beidel
     Jennifer L. Beidel/Margery Feinzig
     Assistant United States Attorneys
     Tel: (212) 637-2212/(914) 993-1903


cc: Jared Scharf, Esq.